UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X

**Civil Case No.**

FRANKLIN  HICHEZ  BALDEMORA

**Complaint**

     **Plaintiff,**
 - against –

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O.  ARGUETA LINARES MANUEL, BADGE NO. 22066
TAX REGISTRATION NO. 964891, IN HIS INDIVIDUAL
CAPACITY, AND JOHN DOES NO 1-6, IN THEIR INDIVUDAL CAPACITY

    Defendants,
_____X

  Plaintiff, Franklin Hichez Baldemora by his  attorney, Welton K. Wisham of The Law

office of Welton K. Wisham, alleges upon information, and belief, the following against

Defendants, The City of New York,  the New York City Police Department and police officers

Argueta Linares Manuel and John Does 1-6  whose names are currently unknow to the Plaintiff,

that ;

## PRELIMINARY STATEMENT

 1. This action arises out of the Defendants' unreasonable and outrageous use of force upon

Plaintiff Franklin Hichez ( hereinafter Mr. Hichez Baldemora ) during the course of Plaintiff's

unlawful detention, seizure, and arrest  on August 25, 2023,  which caused Plaintiff to seek

emergency medical treatment at Jacobi North Center Medical Center for severe injuries suffered

inflicted by officers Manuel and John Does 1-6, without cause or legal justification.

 2. Officers Argueta Linares Manuel and John Does 1-6, knowingly and willfully violated Mr.

Baldemora's clearly established constitutional rights by arresting the Plaintiff without probable

cause as Plaintiff was riding a motor scooter on a public street in the Bronx, New York. .

1

3.  The officers unreasonably  seized Mr. Baldemora and threw the Plaintiff off his motor bike onto the ground whereby six officers jumped on top of the Plaintiff and proceeded to placed their knees into Plaintiff's  back as Mr. Baldemora was laying helplessly on the ground.

4.  The force used by the police officers was objectively unreasonable and caused sever physical and emotional injuries to the Plaintiff.

5.  Mr. Baldemora ( herein after Hichez and or Baldemora ) was unable to walk after the officer's attack.

6.  Mr. Baldemora was arrested and held without probable cause at the 42nd precinct. All charges against the Plaintiff were subsequently dismissed prior to arraignment due to the Defendant's failure to draft and file an accusatory instrument with the Bronx District Attorney's Office as required under New York State law.

7.  Mr. Baldemora suffered and continues to suffer extreme pain in his knee and underwent surgery on his knee due to the officer's wanton use of force. Plaintiff is now forced to wear a leg brace and uses crutches to assist him in walking.

8.  Plaintiff now seeks adequate compensation pursuant to 42 U.S.C Section 1983, and New York State Law, Article 1, Section 12 against the individual Defendants for False Arrest, False Imprisonment, Excessive Force and for the willful and deliberate indifference  to Plaintiff's Constitutional rights which were clearly established under the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C Section 1983.

## JURISDICTION

9.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, and 28 U.S.C. Section 1367, and under 42 U.S.C Section 1983, and 42 U.S.C. Section 1988.

10.  This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States and pursuant to New York State Law.

## VENUE

11.  Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the Defendants are located in this District and are residents of the State of New York. .

12.  Venue is proper in the Southern District of New York because the acts alleged throughout this Complaint occurred in this Judicial District.  28 U.S.C. Section 1391(b), 1391(e)and 1402(b).

## PARTIES

13.  At all times hereinafter mentioned throughout this Complaint, Plaintiff Franklin Hichez Baldemora is a citizen of the United States of America and resident of the Bronx, New York.

14.  Defendants,  Police Officers,  Argueta Linares Manuel and John Does 1-6, were  at all times relevant herein, duly appointed police officers employed by the New York City Police Department .

15.  The Defendant police officers are believed to be currently assigned to the 42nd  police precinct located at 830 Washington Ave, Bronx, New York.

16.  Officer Argueta Linares Manuel, and the John Does who attacked  the Plaintiff were at all times herein acting withing the scope of their employment and under color of law on the date of Plaintiff's arrest.

17.  The City of New York is a municipal corporation within the State of New York

18.  Pursuant to Section 431 of its Charter, the City of New York has established and maintains the New York City Police Department as a constituent department or agency.

19.   At all times relevant hereto, the City of New York employed the defendant Police Officers involved in the incident described herein which caused Plaintiff's injuries to his body and mind without cause, reason or legal justification.

20.   The individual police officers involved in this incident were at all relevant times mentioned in Plaintiff's  Complaint, agents, servants and employees who acted within the scope of their employment as New York City Police Officers employed by City of New York and were duly appointed police officers in the New York City Police Department .

21.   Officers Manuel and John Does, 1-6 acted within in their individual and official capacity and under color of law,  that is under color of law of the Constitution, statutes, laws, charter, ordinances, rules,  regulations, custom and usages of the State of New York and the City of New York.

### JURY DEMAND

22.   Plaintiff demands trial by jury.

### NOTICE OF CLAIM

23.   That on or about October 6, 2023,  Plaintiff, in furtherance of his New York State causes of action, timely filed a Notice of Claim to the Comptroller of the City of New York located at 1 Centre St. Room 1225, New York, New York 10007, well within the statutory requirement of ninety days from the date of the incident alleged herein against the named Defendants and the City of New York, New York City Police Department and police officers Argueta Linares Manuel and John Does ,1-6, in compliance with General Municipal Law Section 50-h.

24.   On October 12, 2023,   the Comptroller of the City of New York acknowledge receipt of Franklin Hichez Baldemora's timely filed   Notice of Claim by assigning Claim Number 2023PI033546 to Plaintiff's Claim.

4

25.    That more than 30 days have elapsed since service of said notice, and the City has failed to pay or adjust the claim.

26.    This action has been commenced within one year and ninety days of the date of the incident complained of and of the filing of the notice of claim.

27.    That the Defendants have wholly refused and neglected to make any adjustment or payment thereof.

28.    That the Plaintiff has satisfactorily complied with all pertinent statutory requirements prior to the commencement of this action.

29.    That by reason of the foregoing, Plaintiff, Franklin Hichez Baldemora has been damaged in a sum which exceeds the jurisdictional limits of all lower courts, which otherwise would have jurisdiction over this action.

## STATEMENT OF FACTS

30.    On August 25, 2023 at approximately 9:00 pm, Mr. Baldemora borrowed a  scooter from his friend, Luigi Reyes Pauqua to go to a local store near Boston Road in the Bronx, New York which was near Plaintiff's home on Rev James Ave.

31.    Mr. Hichez Baldemora never made it to his destination.

32.    As Plaintiff was riding the scooter on Boston Rd he noticed that the gas meter on the scooter was near empty and decided to get some gas in a nearby gas station.

33.    Mr. Baldemora saw a BP gas station on Boston Rd and entered the station.

34.    As Plaintiff got off the scooter he noticed several dark colored vehicles speeding towards him at the gas station and stopped directly in front of the Plaintiff.

35.    Mr. Baldemora got off the scooter and was immediately tackled to the ground by six or seven police officers who had gotten out of the black unmarked vehicles.

5

36. The officers tackled the Plaintiff around his body by grabbing Plaintiff's knees and forced Mr. Baldemora to fall face down on the ground.

37. Plaintiff, alarmed, and afraid, demanded to know why the officers had tackled him and jumped on top of his back yelling and cursing the Plaintiff. Mr. Baldemora was not armed and had not threatened the officers during course of the officer's attack.

38. The officers jumped on top of the Plaintiff with their knees placed deep onto Mr. Baldemora' back.

39. Several officers including officer Manuel had their feet on Plaintiff's back as Mr. Baldemora was laying on the ground pleading with the officers and demanding to know what was going on.

40. The officers kept yelling" Where the fuck you going"? "Stupid motherfucker!"

41. The Defendants continued their assault against Mr. Baldemora and grabbed and pulled Plaintiff's knees causing swelling and bruising and undue pain.

42. Plaintiff continued to yell and scream as the officers failed to get off his back.

43. The officers continued their unabated assault on the Plaintiff for several minutes.

44. Mr. Baldemora felt extreme pain in his knees and back and had difficulty walking and standing after the officer's unprovoked attack.

45. The officers lifted Mr. Baldemora up off the ground and placed Plaintiff in handcuffs and drove Plaintiff to the 42nd police station.

46. Mr. Baldemora unable to walk told the officers he needed medical attention because he was hurt and couldn't walk.

47. Plaintiff's knees were swollen from the attack.

48. Mr. Baldemora asked the officers at the precinct to call for an ambulance.

6

49.  The officers refused to call for medical assistance and instead told Mr. Baldemora " your good"!

50.  Mr. Baldemora remained in handcuffs and in pain for several hours inside a holding cell at the 42nd precinct.

51.  Plaintiff continued to complain about the pain throughout his knees and body and was told **to " chill out- you gonna get a Summons**". (emphasis)

52  On or about August 26. 2023 at approximately 12:30 am, Officer Manuel gave Plaintiff three (3) Summonses  under the name Franklin Hichez.

53.    Officer Manuel charged Plaintiff with **(1) Disorderly Conduct, Summons No. 4456587096, (2) Disorderly Conduct, Summons No. 4456587118, and (3) Reckless Driving, Summons No.4456587104.**

54.   Plaintiff was required to appear in Bronx Criminal Court on September 13, 2023.

55.  Mr. Baldemora promptly appeared in Court on the morning of September 13, 2023 and was informed by the Clerk of the Criminal Court that **there was no record of his arrest** or Court appearance and that the **Summons were dismissed**. (emphasis added)

56.  Plaintiff demanded a written record from the Court for proof that all charges had been dismissed.

57.  Mr. Baldemora was told to come back on September 21, 2023.

58.  On September 21, 2023, Plaintiff arrived at the Bronx Criminal Court and was given a letter from the Criminal Court of the City of New York, County of Bronx which indicated state each of the Summons set forth above **had been dismissed because the NYPD had failed to file a legally acceptable accusatory instrument with the Court.** " **There is no need for you to return to count on the Summons number reference above". (emphasis added)**

7

## Injuries

59.   On August 26, 2023, Mr. Baldemora withering in intense pain, sought medical treatment at Jacobi North Central Bronx Medical Center located at 1400 Pelham Parkway South, Bronx New York, for the extreme pain in his knees and body caused by the officers relentless and unprovoked attack..

a) **diagnosis**

60.   Dr. Y. Bogdan, MD examined the Plaintiff and informed Mr. Baldemora that he had suffered " **a  closed fracture of lateral portion of left tibial plateau**".to his knee.

61.   Mr. Hichez Baldemora was given crutches to assist him in walking and to mobilize his knee.

62.   Mr. Baldemora was informed by the medical staff that he needed to consult with a Orthopedic Surgeon and was told to come back to the hospital on September 7, 2023.

b) **surgery**

63.   Plaintiff was admitted to **Jacobi North Central Bronx Medical Center on September 7, 2023 whereby Dr, Yelena Bogdan performed surgery on Plaintiff's left knee.**

64.   Mr. Baldemora remained in the hospital for four days and was **discharged on September 10, 2023.**

65.   That on the day of the incident, Plaintiff was employed by employed by the EDNYC , Economic Development Company located at 800 Food Center, Bronx ,New York as an assistant plumber.

66.   That due to the officers' brutal and unprovoked attack on the Plaintiff's body and the resulting surgery, Mr. Baldemora was unable to work and could not provide financial support for himself and for his eight-month-old daughter.

8

67.   Plaintiff will not be able to return to work for at least five months.

c): **Closed Fracture of Lateral Portion of Left Tibial Plateau**

68.   A Closed Fracture of Lateral Portion of Left Tibial Plateau has been defined as a **bone fracture or break in the continuity of the bone occurring the proximal (upper) part  of the tibia(shinbone).** The tibial plateau is one of the **most critical loadbearing areas in the human body.** See **Joint Institute of North Texas.** `(online report September 26, 2023)

69.   Fractures of the tibial plateau are often associated with injures to the anterior cruciate ligament, collateral ligaments and articular cartilage. **Id.**

d)   **Insertion of Metal Plates in the Knee:**

70.   On September 7, 2023, doctors at the Jacobi Medical Center **performed an " Open Reduction Internal Fixation Left Tibial Plateau- Smith** and Nephew Plateua Lateral  Plates, Osteotomes, Tamps, Regular Table , Supine, Bone Foam procedure on Mr. Baldemora 's knee. The procedure was performed by Drs. Yelena Bogdan and Ally Morris to treat the injuries to his knee.

71.   Mr. Baldemora had difficulty walking due to the injuries to his left leg and knee and was given a leg brace for support.

e) **Bledsoe Brace:**

72.   Mr. Baldemora was fitted with a **Bledsoe Brace on his left leg for the injuries** indicated for immediate application to knees for locked or limited motion control of knee during rehabilitation after operative procedures or injury to knee ligaments, cartilage, or stable or internally fixed fractures of the tibial plateau, condyles, or proximal tibia and distal femur.

f)   **Medication:**

73.  Mr. Baldemora was prescribed oxycodone to treat the constant pain in Claimant's knee and post operative surgery.

## g)  Emotional Trauma:

74.  Plaintiff suffered and continues to suffer severe physical and emotional pain, distress and trauma from the senseless and unprovoked attack by the Defendants police officers.

75.  Plaintiff remains in constant pain and agony and has difficulty walking.

76.  Mr. Baldemora is currently undergoing physical therapy which was recommended by the medial staff at Jacobi Medical Center.

77.  Plaintiff was caused to suffer embarrassment, humiliation and degradation by officers Manuel and the John Does that attacked the Plaintiff without reason or justification.

78.  Mr. Baldemora posed no threat to the officers at time of his arrest and had not engaged in any criminal activity.

## NYPD Pattern and Practice
## of failing to file accusatory
## instruments after arrest.

79.  The New York City Police Department has a long history, of arresting individuals without probable cause as indicated by knowingly and willfully failing to file accusatory instrument subsequent to arrestees' detention for which all charges against Defendant have been dismissed..

80.  That the history set forth herein within the New York City Police Department by the New York City Police Commissioner constitutes an unconstitutional pattern and practice by New York City Police officers of arresting individuals without probable cause by failing to draft and failing to file accusatory instruments.

81.  That the practice is known by and tolerated by policy makers of the City of New York including the past and present New York City Police Commissioners.

10

**History of prior arrestee's cases dismissed due to
NYPD officers' failure to draft accusatory instruments**

a) **Clarence Ross**

82.  On November 2, 2018, September 10, 2018, September 17, 2020 ad December 9, 2020,

**Defendant, Clarence Ross** was unlawfully arrested without probable cause and held in custody

for hours upon hours voicing his innocence.

83.  Mr. Ross was arrested under arrests numbers, B18649496, B18641522, B20624083,

B20624078, B20624080, and B20632684.

84.  That Concetta Petrillo, Deputy Bureau Chief Assistant District Attorney in the Bronx

District Attorney's office, informed Mr. Ross in writing, that the above arrests had been

dismissed because an accusatory instrument **had not been drafted**.

85.  That Mr. Ross was arrested by police officer Simpson, Tax Registration No.  959237,

charged with illegal possession of burglary tools P.L. 140.35, Aggravated Unlicensed Operation,

VTL 0511 03A2, Resisting Arrest, P.L.205.30, Obstruction of Governmental Administration,

P.L. 195.05, Criminal Possession of a Firearm/Weapon, P.L. 265.01 901), and Disorderly

Conduct, P.L. 240.20.

86.  The charges against Mr. Ross were never filed. Officer Simpson prepared the above arrest

reports in the **44th police precinct**.

87.  That officer Simpson's supervisor at the precinct, Agt. Timothy J. Burke, approved the

arrest reports prepared by officer Simpson.

88.  Yet, officer Simpson knowingly and willfully failed to draft the accusatory instruments and

submit such documentation to the Bronx Criminal Court.

89.  That the Bronx District Attorney's Office dismissed the criminal case against Mr. Ross as

set forth above.  Officer Simpson was upon information and belief, allowed to arrest and falsely

11

accuse Mr. Ross without probable cause and without fulling his duty to draft and file the required criminal accusatory instruments associated with such arrests.

### b) Victor Mendeng

90.   That on April 26, 2022, Peter Lomp, Assistant District Attorney Queens County informed Mr. Victor Mendeng that his arrest on April 26, 2022 had been **dismissed prior to Criminal Court arraignment.**

91.   Mr. Mendeng was arrested and charged with violating P.L. 160.10 02(A), Robbery in the 2nd Degree. A Class C Felony.

92.   Mr. Mendeng vehemently protested his innocence but to no avail as the arresting officer unlawfully caused Mr. Mendeng to be held in custody for three days without probable cause.

93.   The arresting officer, Detective Sheldon C. Franklin failed to bother to draft the accusatory instruments required by law and submit such draft to the Queens District Attorney's office.

94.   Mr. Mendeng case was dismissed and sealed.

### c) Meyon Grant

95.   That on September 24, 2021, Assistant District Attorney, and Deputy Bureau Chief, Concetta Petrillo, of the Bronx Office of the District Attorney wrote a letter to Ms. Grant indicating that **Ms. Meyon Grant's case, under arrest number B21624088 had been dismissed because, " An accusatory instrument was not drafted**". (Emphasis added)

96.   On September 7, 2021, at approximately 5:26 pm, Ms. Grant and her cousin, ( a minor whose name is protected and not disclosed),  received an invitation from a friend to come and hang out at 1682 Seward Ave, Bronx, New York, a residential complex.

97.   Ms. Grant had never gone to this address prior to September 7, 2021.

12

98.   That Ms. Grant, had no physical control over the area in the living room nor did Plaintiff have any control over any property inside 1682 Seward, Ave. Bronx, New York at the time of her arrest.

99.   Plaintiff Grant did not live or reside at the above address nor was she a tenant or related to anyone inside the premises.

100.   Ms. Grant and her cousin went inside the apartment and sat down in the living room.

101.   That minutes after Ms. Grant had arrived inside the premises, Plaintiff heard a loud knock and banging on the front door.

102.   Ms. Grant heard someone outside the door yelling **" open the door if you don't open the door you will be in more trouble".**

103.   Ms. Grant, fearing that something awful could occur, got up and opened the door.

104.   The police stormed inside the home and immediately seized two men inside the apartment who were in the back room to the apartment.

105.   That officer Sidneus then told Ms. Grant and her cousin that they were under arrest.

106.   Ms. Grant, a twenty-year-old African American female protested her arrest and repeatedly asked the officers why she was being arrested.

107.   Ms. Grant was held in custody for twenty-four hours without probable cause.

108.   Officer Sidneus created police arrests reports in the 43rd police precinct accusing Ms. Grant of Criminal Weapons Possession. No weapon was found on Ms. Grant who was an invitee in the premises and had only been in the residence for several minutes.

109.   Again, an officer in the New York City Police Department, knowingly and willfully failed to draft the accusatory instrument formally charging then Defendant Grant of a Crime.

13

110.  Ms. Grant's was caused to appear in court and found that her case was dismissed because the officer failed to draft the accusatory instrument.

d) **Bevline Nembhard**

111.  That on March 21, 2022, Bevline Nembhard, received written notification that her arrest on March 25, 2021, in Bronx, County, under arrest number B21608937 had been dismissed because the Bronx District Attorney office declined to prosecute because " <u>an accusatory instrument was not drafted"</u>.

112.  That this office represented the Plaintiff's in the above actions whose criminal cases were dismissed due to the failure by law enforcement officers to file accusatory instruments.

113.  That the failure to file accusatory instruments is indicative of a policy and practice by the New York City Police Department of arresting individuals without probable cause.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST OFFICERS ARGUETA LINARES MANUEL AND JOHN DOES, 1-6  FOR VIOLATING PLAINTIFF'S RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE AND UNREASONABLE USE OF FORCE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE <u>CONSTITUTION OF THE UNITED STATES</u>**

114.  That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs 1 through 113, with the same force and effect as though more fully set forth at length herein.

115.  On August 25, 2023 at approximately 9:00 pm, Mr. Baldemora borrowed a scooter from his friend, Luigi Reyes Pauqua to go to a local store near Boston Road in the Bronx, New York which was near Plaintiff's home on Rev James Ave.

116.  As Plaintiff was riding the scooter on Boston Rd he noticed that the gas meter on the scooter was near empty and decided to get some gas in a nearby gas station.

117.  As Plaintiff got off the scooter he noticed several dark colored vehicles speeding towards the gas station and turned directly in front of the Plaintiff.

118.  Mr. Baldemora got off the scooter and was immediately tackled to the ground by six or seven police officers who had gotten out of the black unmarked vehicles.

119.  The officers tackled the Plaintiff around his body by grabbing Plaintiff's knees and forced Mr. Baldemora to fall face down on the ground.

120.  The officers proceeded to  jump on top of the Plaintiff with their knees placed deep into Mr. Baldemora' back.

121.  Several officers including officer Manuel had their feet on Plaintiff's back as Mr. Baldemora was laying on the ground pleading with the officers and demanding to know what was going on.

122.  The officers kept yelling" Where the fuck you going"? "Stupid motherfucker!"

123.  The Defendants continued their assault against Mr.  Baldemora and grabbed and pulled Plaintiff's knees.

124.  Plaintiff continued to yell and scream in pain as the officers kept their knees into Mr. Baldemora's back.

125.  The officers continued their unabated assault on the Plaintiff for several minutes.

126.  Plaintiff felt extreme pain in his knees and back and had difficulty walking or standing up after the officer's unprovoked attack.

127.  The officers lifted Mr.  Baldemora up off the ground and placed Plaintiff in handcuffs and drove Plaintiff to the 42nd police station.

128.  Mr. Hichez Baldemora was in extreme pain and told the officers he needed medical attention because he was hurt and couldn't walk.

15

129.  Plaintiff's knees were swollen from the attack.

130.  Mr. Baldemora asked the officers at the precinct to call for an ambulance.

131.   The officers refused to call for medical assistance and instead told Mr. Baldemora " your good"!

132.  Mr. Baldemora remained in handcuffs and in pain for several hours inside a holding cell at the 42nd precinct.

133.   On August 26, 2023, Mr. Baldemora withering in intense pain sought medical treatment at Jacobi North Central Bronx Medical Center located at 1400 Pelham Parkway South, Bronx New York, for the extreme pain in his knees and body.

134.   Dr. Y. Bogdan, MD examined the Plaintiff and informed Mr. Baldemora that he had suffered " **a  closed fracture of lateral portion of left tibial plateau**".to his left knee.

135.  Mr. Hichez Baldemora was given crutches to assist him in walking and to mobilize his knee.

**Surgery**

136.  Plaintiff was admitted to **Jacobi North Central Bronx Medical Center on September 7, 2023, whereby Dr, Yelena Bogdan performed surgery on Plaintiff's left knee.**

137.  Mr**.** Baldemora remained in the hospital for four days and was **discharged on September 10, 2023.**

138 .  That due to the officer's wanton and brutal attack on the Plaintiff's body and the resulting surgery, Mr. Baldemora was unable to work and could not provide financial support for his eight-month-old daughter.

139.    Plaintiff will not be able to return to work for at least five months.

16

140.   The force inflicted on the Plaintiff by the Defendants, officers Manuel and John Does 1 through 6, caused Plaintiff to suffer a  **Closed Fracture of Lateral Portion of Left Tibial Plateau** as described more fully in the preceding paragraphs.

**Insertion of Metal Plates in the Knee:**

141.   On September 7, 2023, doctors at the Jacobi Medical Center **performed an " Open Reduction Internal Fixation Left Tibial Plateau- Smith** and Nephew Plateua Lateral  Plates, Osteotomes, Tamps, Regular Table , Supine, Bone Foam" procedure performed by Drs. Yelena Bogdan and Ally Morris to treat the injuries to his knee. (emphasis added)

142.   Plaintiff experience difficulty walking due to the injuries to his left leg and knee.

143.   Mr. Baldemora was harassed, beaten, arrested, ridiculed and humiliated by the Defendants police officers who use extreme, excessive, and unreasonable force in arresting the Plaintiff without probable cause or legal justification.\

144.   Mr. Baldemora was unreasonably seized by officers Argueta Linares Manuel and John Does 1-6, who knowingly and willfully violated Plaintiff's Constitutional right to be free from unreasonably seizure and excessive use of force during the course of an unlawful arrest.

145.   Mr. Baldemora posed no threats against the arresting officers at any time prior to or during the course of his arrest.

146.   The Fourth Amendment forbids the use of substantial force against a non-threatening suspected misdemeanant who is not fleeing, resisting arrest or posing any risk to the safety of others.

147.   For the reasons set forth herein, officers  Manuel and John Does 1-6, are liable to the Plaintiff pursuant to 42 U.S.C Section 1983, for the physical injuries and emotional distress due to the officers' unreasonable and unlawful seizure and unreasonable use of force in violation of

17

Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

148.   Defendant police officers acted within the scope of their employment as New York City Police officers in their individual and official capacity and under color of law, conspired together and with others and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's Constitutional rights.

149.   As a direct and proximate result of the conduct exhibited by the Defendants ,Plaintiff was caused to suffer severe physical and emotional pain and suffering.

150.   The force used in arresting the Plaintiff was extreme, excessive, unnecessary and objectively unreasonable.

151.   As a consequence thereof, Franklin Hichez Baldemora has been greatly injured.

### AS AND FOR A SECOND  CAUSE OF ACTION AGAINST THE CITY OF NEW YORK PURSUANT TO 42 U.S.C SECTION 1983 FOR A PATTERN AND PRACTICE OF FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE POLICE OFFICERS FOR ARRESTING PLAINTIFF AND OTHER INDIVIDUALS WITHOUT PROBABLE CAUSE AS SHOWN BY FAILURE TO DRAFT AND FILE ACCUSATORY INSTRUMENTS

152.   That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through "151", with the same force and effect as though more fully set forth at length herein.

153.   An accusatory instrument, similar to a criminal complaint is a document which formally accuses a defendant of a criminal offense. Generally, this document must be signed by a party who has knowledge that the alleged criminal conduct took place.

154.   Arresting officers have a duty under the law to draft and file accusatory instruments prior to or at the time of the required appearance of the arrestees.

155.  New York Consolidated Laws, Criminal Procedure Law - **CPL § 150.50** Appearance ticket; filing a local criminal court accusatory instrument; dismissal of insufficient instrument states as follow:

"1.  A police officer or other public servant who has issued and served an appearance ticket must, at or before the time such appearance ticket is returnable, **file or cause to be filed with the local criminal court in which it is returnable a local criminal court accusatory instrument charging the person named in such appearance ticket with the offense specified therein**. Nothing herein contained shall authorize the use of a simplified information when not authorized by law. (emphasis added)

2.  If such accusatory instrument is not sufficient on its face, as prescribed in section 100.40, and if the court is satisfied that on the basis of the available facts or evidence it would be impossible to draw and file an accusatory instrument which is sufficient on its face, it must dismiss such accusatory instrument."

156.  That officer Manuel knowingly and willfully failed to adhere to the provisions under CPL 150.50 and failed to draft and file an accusatory instrument charging Plaintiff Franklin Hichez Baldemora with any crime or offense which is indicative of lack of probable cause for the arrest on August 25, 2023.

157.  The New York City Police Department has established an unwritten policy or practice of allowing officers to arrest individuals without filing accusatory instruments in local criminal court, Bronx County Criminal Court, Queens County Criminal Court as indicated in the preceding paragraphs which is indicative of  arresting innocent individuals without the requisite probable cause in accordance with the Fourth Amendment to the Constitution of the United States.

158.  That at all time herein mentioned police officers Manuel and John Does No. 1-6,  directly participated and caused Plaintiff's arrest, injuries, detention, imprisonment,  and deprivation of Plaintiff's liberty by arresting Plaintiff without probable cause to have reasonably believed Plaintiff had committed a crime or offence.

159.   Officer Argueta Linares Manuel knowingly and willfully engaged in a violent use of excessive force and held Plaintiff in custody for several hours and arrested Mr. Baldemora for disorderly conduct without describing the conduct for which Plaintiff was arrested.

160.   That officer Manuel  failed to draft and submit **an accusatory instrument describing the criminal conduct to the Bronx Criminal Court. (emphasis added)**

161.   That the City of New York has been aware of police officers' willful and intentional failure to draft and file written accusatory instruments supporting accusations of criminal conduct by individuals arrested by members of the NYPD. .

162.   That at all relevant times the City of New York, with deliberate indifference to the risk of injury of incarceration to innocent members of the public, failed to train, supervise or discipline police officers who knowingly and willfully failed to draft and file accusatory instruments as required pursuant to **CPL Section 150.50.**

163.   That the policy, custom ,and or practice by the New York City Police Department and its police officers who knowingly failed to train, supervise and or discipline police officers who arrest members of the public and fail to draft accusatory instruments is indicative of a widespread policy of allowing police officers to make unlawful arrests causing individuals the loss of liberty and emotional distress of being denied their right to liberty without probable cause.

164.   That the failure to properly train, supervise and or discipline New York City Police officers for knowingly and willfully failing to draft accusatory instruments and submit such instrument to the Courts is indicative of lack of probable cause for such arrests which presents a clear and present danger to the public that their constitutional rights will be infringed by an

unconstitutional de facto policy of allowing police officers to deliberately arrest individuals without probable cause.

165. That the City of New York. has known and tolerated the unconstitutional policy and practice which served as the moving force behind Plaintiff' arrest.

166. That officer Manuel directly and proximately caused the violation of Plaintiff's Constitutional rights arising under the Fourth and Fourteenth Amendments to the Constitution of the United States with the specific intent to cause Plaintiff Franklin Hichez Baldemora emotional harm by arresting Plaintiff without probable cause.

167. The acts complained of herein, were carried out by the Defendants police officers in their official capacity as police officers of the New York City Police Department pursuant to the customs and practices of the New York City Police Department or as a result of the City of New York's failure to train, supervise or discipline the Defendant officers.

168. The City of New York through its policy makers , including the Commissioners of the New York City Police Department and its agents were fully aware of and did nothing about its police officers engaging in arresting individuals such as the Plaintiff without probable cause and without filing or drafting accusatory instruments as required by law.

169. As a direct and proximate result of the City's failure to train, supervise or discipline the Defendant officers for failure to file written accusatory instruments constitutes deliberate indifference which caused Plaintiff to sustained damages as set forth herein.

21

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST POLICE OFFICERS ARGUETA LINARES MANUEL AND JOHN DOES No. 1-6, FOR FALSE ARREST AND FALSE IMPRISONMENT PURSUANT TO 42 U. S .C. SECTION 1983.

170.   That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 169", with the same force and effect as though more fully set forth at length herein.

171.   That at all time herein mentioned Defendants police officers Argueta Linares Manuel and John Does, No. 1-6, directly participated and caused Plaintiff's injuries and false arrest, detention and deprivation of liberty by arresting Mr. Baldemora as more fully described in the preceding paragraphs, without probable cause.

172.   That the officers knew that there was no reasonable basis for Plaintiff's arrest, detention, harassment, and excessive force which caused Plaintiff to undergo surgery to his knee and which requires months of physical therapy.

173.    Mr. Baldemora was unreasonably held in custody unable to move and unreasonably seized and arrested by the Defendant police officers.

174.    Plaintiff was conscious of his arrest, detention and seizure and did not consent to his confinement.

175.   The Defendant's arrest, seizure and detention of Mr. Baldemora lacked probable cause.

176.   Defendants officers Mauel and John Does No. 1-6, as police officers in the City of New York, assaulted, battered, detained and confined Plaintiff and acted in substantial abuse of their power as New York City Police Officers and acted beyond their  authority.

177.   The officers willfully, knowingly, and intentionally deprived Plaintiff of his right to liberty and freedom under the Fourth and Fourteenth Amendments to the Constitution of the United States, secured by 42 U.S.C Section 1983.

178.   Defendants forcibly handcuffed, searched, seized, assaulted, and subjected Plaintiff to undue humiliation, personal degradation, abuse, emotional distress, trauma, embarrassment, ridicule, and scorn without legal justification.

179.   As a direct and proximate result of Officers' Manuel and John Does No.1-6, misconduct, and abuse of authority described above; Plaintiff Franklin Hichez Baldemora  sustained damages financial compensation in accordance with 42 U.S.C. Section 1983.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF AGAINST THE DEFENDANT POLICE OFFICERS, ARGUETA LINARES MANUEL AND JOHN DOES NO. 1-6, FOR ASSAULT UNDER THE COMMON LAW OF THE STATE OF NEW YORK.

180.   That Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through "179", with the same force and effect as though more fully set forth at length herein.

181.  That the Defendants, their agents, servants and /or employees, without cause or justification, or the consent of the Plaintiff, intentionally placed the Plaintiff  in imminent fear of physical harm by the manner in which Defendant Argueta Linares Manuel and John Does, 1-6, threatened Mr. Baldemora when the officers drove into the BP gas station and without announcing that they were police officers rushed out of their vehicles and ran towards the Plaintiff in a threatening manner .

182.  Mr. Baldemora  was caused to fear for his safety and for his life.

183.   That by reason of the foregoing the Plaintiff has been unlawfully injured and seeks compensation against the Defendant officers for inflicting unnecessary pain, suffering, physical and emotional distress.

184.   Defendants, Manuel and John Does, 1-6, intentionally placed Plaintiff in apprehension of fear and imminent harm and offensive contact by the Defendant officers' unlawful and

unprivileged threat of force use of force against the Plaintiff causing severe emotional injuries to the Plaintiff, for which Plaintiff now seeks compensation.

185.   That Plaintiff had reasonable apprehension of imminent harm due to the Defendants offensive actions against the Plaintiff.

186.   The Defendant police officers intentionally placed Plaintiffs in reasonable fear of an imminent battery.

187.   As direct and proximate result of the Defendant officers' misconduct, Plaintiff suffered humiliation, degradation, embarrassment pain, suffering, and mental anguish.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST THE DEFENDANTS, POLICE OFFICERS ARGUETA LINARES MANUEL AND JOHN DOES NO. 1-6, ON BEHALF OF THE PLAINTIFF  FOR BATTERY PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK.**

188.   That the Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs  Numbered "1" through " 187" with the same force and effect as though more fully set forth at length herein.

189.   That by reason of the foregoing and by officers Manuel and John Does, 1-6, 's action of slamming Plaintiff 's body on the ground and jumping on top of Mr. Baldemora's back which caused Plaintiff extreme pain and suffering for which surgery was performed to correct the damage to Plaintiff's knee, the officers committed a willful, unlawful, unwarranted and intentional battery upon Plaintiff Franklin Hichez Baldemora without legal justification.

190.   That as a result of the foregoing battery on the part of the Defendants, Plaintiff was caused to suffer severe physical and emotional injuries.

191.   That Plaintiff has suffered and will continue to suffer agony in body, and mind.

192.   That based on the foregoing unreasonable actions of the Defendants, Plaintiff has been damaged and are hereby seeking compensation for his physical and emotional pain and suffering.

193.    That as a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained damages alleged herein.

## AS AND FOR AN SIXTH CAUSE OF ACTION AGAINST THE CITY OF NEW YORK FOR RESPONDEAT SUPERIOR PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK

194.    That Plaintiffs repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "193", with the same force and effect as though more fully set forth at length herein.

195.    That the City of New York ,through the New York City Police Department, hired and supervised Defendants police officers Argueta Linares Manuel and Johnd Does, 1-6, who unlawfully and unreasonably seized the Plaintiff without probable cause and commenced an unspeakable assault and  battery which cause Plaintiff undue physical and emotional pain.

196.    That officers Manuel and John Does 1-6, grabbed the Plaintiff without reason  or cause and jumped on Plaintiff's back and stuck their knees into Plaintiff's body as Mr. Baldemora lay with his face on the ground in agony.

197.    The Defendants acts were willful, intentional, and deliberate.

198.    That the Defendants committed the wrongs stated herein without probable cause, all done while acting under color of law and within the scope of their duties as employees of the City of New York and the New York City Police Department.

199.    As a result, the City of New is liable for the unlawful acts of their employees, police officers Argueta Linares Manuel and John Does No. 1-6, pursuant to doctrine of Respondeat Superior.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDENTS POLICE OFFICERS ARGUETA LINARES MANUEL AND JOHN DOES NO. 1-6, FOR INTENTIONAL INFLICTION OF EMOTIONAL STRESS UNDER THE COMMON LAW OF THE STATE OF NEW YORK.

200.   That the Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "199" with the same force and effect as though more fully set forth at length herein.

201.   That the Defendants, Manuel and John Does, 1-6, as police officers, agents, servants and/or employees, engaged in actions intended to inflict emotional trauma on the Plaintiff by arresting Plaintiff without probable cause and failing to draft and file accusatory instrument and engaging in unreasonable use of force against the Plaintiff.

202.   That by reason of the foregoing, the Plaintiff has suffered physical pain and suffering, mental and emotional distress due to Defendants' unlawful and reckless actions as more fully described herein.

203.   Mr. Baldemora's claim for the Intentional Infliction of Emotional Distress was caused by the Defendants, Argueta Linares Manuel and John Does 1-6, as New York City Police officers who intentionally and without reason, privilege or probable cause seized the Plaintiff in an unreasonable manner and viciously employed force during the course of Plaintiff's arrest which caused Plaintiff to undergo surgery for damages caused by the Defendants.

204.   That the misconduct by officers Manuel and John Does, 1-6, was extreme and outrageous conduct, and intended to cause severe emotional distress.

205.   That the officers' acts set forth above directly caused Plaintiff to suffer a sever injuries to his body and mind.

206.   Officers Manuel and John Does, 1-6, conduct toward the Plaintiff as described more fully in the preceding paragraphs, was extreme, and outrageous in degree and exceeded the bounds of decency expected in a civilized society.

26

207.   The acts committed against the Plaintiff by the defendant police officers were  intended to cause the Plaintiff extreme physical damage to his mind and body.

208.   As a direct and proximate result of the misconduct and abuse of authority by Defendant police officers, Plaintiff has been injured and has sustained the damages hereinbefore alleged.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS. P.O. OFFICERS ARGUETA LINARES MANUEL AND JOHN DOES, 1-6,  FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO THE COMMON LAW OF THE STATE OF NEW YORK

209.   That the Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "208" with the same force and effect as though more fully set forth at length herein

210.   That officers Manuel and John Does, 1-6, as members of the New York City Police Department owed a duty to the Plaintiffs to use reasonable care in the performance of their public function as police officers in the City of New York..

211.    That the officers breached their duty to the Plaintiff  by arresting Plaintiff without probable cause and causing unnecessary and unreasonable physical and emotional pain and suffering to Plaintiff Baldemora who posed no threat to the officers at the time of his arrest.

212.   As a result of the negligent acts, Plaintiffs suffered severe emotional distress, mental trauma and bodily harm.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully demands the following judgment be entered as follows:

A. Compensatory damages in the amount of Five Million ($ 5,000,000) against the Defendants for the intentional infliction of unreasonable force which caused Plaintiff to suffer past, present and future physical and emotional injuries..

B. Awarding punitive damages to Plaintiff in an amount that would punish Defendants police officers Manuel  and John Does 1-6,  for their willful, wanton, reckless and malicious misconduct alleged in this Complaint that would effectively deter Defendants from future civil rights violations and other unlawful behavior in an amount to be determined at trial.

C. An award to Plaintiff of the costs and disbursements herein.

D. An award of reasonable attorney fees under 42 U.S.C.Section 1988.

E. Such other and further relief as this Court may deem just and proper.


Dated; November 25, 2023
    Bronx, New York

By,

    Welton K. Wisham, Esq (ww8674)
    The Law Office of Welton K. Wisham
    1200 Waters Pl. Suite 105,
    Bronx, New York 10561
    (718) 924-3557
    Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X          **Civil Case No.**

FRANKLIN  HICHEZ  BALDEMORA                              AFFIDAVIT

                       **Plaintiff,**

   -   against –

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
P.O.  ARGUETA LINARES MANUEL, BADGE NO. 22066
TAX REGISTRATION NO. 964891, IN HIS INDIVIDUAL
CAPACITY, AND JOHN DOES NO 1-6, IN THEIR INDIVUDAL CAPACITY

                Defendants,

_____X

STATE OF NEW YORK    )
                        )  ss.:
COUNTY OF BRONX     )

     I,  **Franklin Hichez Baldemora,** duly sworn, deposes and says under penalty of perjury that;

     Deponent is the Plaintiff in the within action, that I have read the foregoing Summons and Complaint and   knows the contents thereof ; that the same is true to deponent's own knowledge, except as to  those matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

                                 By _____

                                    **Frankin Hichez Baldemora**
                                    **1304 Rev James St. Apt 1A**
                                    Bronx New York 10459

Sworn to before me
This _____  day of November, 2023
_____
NOTARY PUBLIC

WELTON K. WISHAM ESQ.
STATE
OF NEW YORK
NOTARY PUBLIC
Qualified in
Bronx County
02WI6386733
MY COMMISSION EXPIRES 01/28/2027