

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**LAW DEPARTMENT**<br>**100 CHURCH STREET**<br>**NEW YORK, NY 10007** | **Susan P. Scharfstein**<br>*Special Federal Litigation Division*<br>*212-356-2355*<br>sscharfs@law.nyc.gov |

March 18, 2024

Honorable Katherine Polk Failla *(by ECF)*
United States District Judge
Southern District of New York
40 Foley Square
New York, NY  10007



Re: <u>Franklin Hichez Baldemora v. City of New York, et al.</u>, 23-cv-10549 (KPF)

Dear Judge Failla:

I am an attorney in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, counsel for defendant City of New York in this action brought pursuant to 42 U.S.C. § 1983, which has been designated for handling pursuant to Local Civil Rule 83.10 (the "§ 1983 Plan"). I write to request a stay of this action in its entirety, including all deadlines pursuant to § 1983 Plan, for the reasons discussed below.

By way of background, in this action, filed on December 4, 2023, plaintiff alleges, <u>inter alia</u>, claims for false arrest and excessive force arising out of events that took place on August 25, 2023. The City was served on or about December 12, 2023, but, at that time, no New York Criminal Procedure Law § 160.50 release was provided with the complaint in keeping with the provisions of Rule 83.10. Defendant conferred with counsel for plaintiff, who has since provided the release. Based on the schedule set forth in Rule 83.10, defendant City's response to the complaint is due on March 22, 2024. As a result of recent inquiries, however, defendant has been informed that there is an open investigation by the New York City Civilian Complaint Review Board (CCRB) that is now pending. Defendant thus seeks an adjournment of all deadlines until 30 days after the resolution of the CCRB investigation.[1] This is the defendant's first request for a stay of this matter. Counsel for plaintiff has advised me that he consents to a 60-day stay.

There are several reasons why the pending CCRB investigation necessitates a stay. First, the outcome of the investigation may affect this office's ability to offer

---

[1] As detailed herein, the Office of Corporation Counsel does not represent the individually-named officer defendant, Manuel Argueta Linares. Thus, this application is not made on his behalf. However, in light of the potential representation issues outlined herein, the Court may wish to <u>sua sponte</u> stay this matter as to defendant Argueta Linares pending resolution of the CCRB investigation.

representation to the individual defendant.  Before the Corporation Counsel may assume representation of the individual defendant, General Municipal Law § 50-(k) requires this office to conduct an investigation into whether it may represent the officer.  See N.Y. Gen. Mun. Law § 50-(k); Mercurio v. City of N.Y., 758 F.2d 862, 864-65 (2d Cir. 1985).  Pursuant to § 50-(k)(2), this office must first determine whether an individual employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.  See N.Y. Gen. Mun. Law § 50-(k); see also Mercurio, 758 F.2d at 864-65.

As a result of the open CCRB investigation, this office cannot determine at this time whether the defendant officer was acting within the scope of his employment or whether this office can represent him in this action.  Best practices would prevent this office even from communicating with the individual defendant (or any other City employee who may have been involved in or was present at the incident) to inquire about the underlying facts.  That is, if the individual defendant is found to have violated NYPD procedures, a conflict of interest may arise.  Indeed, if this office assumes representation of the individual defendant before the proceedings are complete, but it later becomes apparent that the defendant were ineligible for representation, the undersigned, and indeed the entire Special Federal Litigation Division, may be unable to continue representation and/or the handling of this litigation.  These circumstances may result in significant and undue delay and expenditure of resources.

Moreover, on information and belief, until the investigation concludes, all parties will have limited access to information regarding the underlying incident.  Item # 5 of Rule 83.10 specifically provides that, if the underlying incident is the subject on an ongoing CCRB investigation, discovery of CCRB records is suspended until 30 days after the investigation or disciplinary proceeding has terminated, whether by completion of the investigation without charges being brought or by disposition of the charges.  Further, any relevant materials generated by the CCRB during the investigation, such as witness interviews and statements and other documents gathered by CCRB during the course of the investigation, will be unavailable because they are protected from disclosure by the law enforcement privilege, which was created, inter alia, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.  See Nat'l Congress for Puerto Rican Rights v. City of N.Y., 99-cv-1694 (SAS), 2000 U.S. Dist. LEXIS 4448, at **5-6 (S.D.N.Y. Apr. 7, 2000) (citing In re Dep't of Inv., 856 F.2d 481, 484 (2d Cir. 1998)).  Certain documents may also be protected from disclosure during the investigation's pendency by the deliberative process privilege.  See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (noting that inter-agency or intra-agency documents that are both pre-decisional and deliberative may be subject to the deliberative process privilege).

Without access to the CCRB investigatory records or the ability to interview the defendant officer, defendant City would be unable to conduct an investigation of the underlying incident, respond effectively to the complaint, participate meaningfully in a § 1983 Plan mediation, discovery, or court conferences, or otherwise prepare a defense and move forward with this case.  We anticipate that those records will be useful to both sides in preparing their cases and assessing this matter for the purposes of an early resolution.  Consequently, should a stay be denied, and should this action therefore proceed concurrently with the CCRB investigation, all parties will experience a deficit of information that will be available once the investigation concludes.  At a minimum, should this action proceed concurrently with the CCRB

investigation, all parties will expend significant resources duplicating the investigative efforts currently being undertaken by CCRB.

Finally, plaintiff will not be prejudiced by a temporary stay. This matter arises from an incident that is alleged to have taken place on August 25, 2023, and there is ample time on the three-year federal limitations period and the one-year-and ninety-day period allowed under New York State law. Any possible prejudice to plaintiff as a result of the passage of time would be far outweighed by the fact that CCRB is investigating the incident without interference and preserving relevant evidence. CCRB investigators will likely gather relevant documents and information, thereby streamlining discovery for all parties, including plaintiff.

Based on the foregoing, the City respectfully requests that the Court (i) order this action stayed until 30 days after the resolution of the CCRB investigation, and (ii) adjourn *sine die* all § 1983 Plan deadlines in this case, pending the conclusion of the ongoing CCRB investigation. With the Court's approval, the City is prepared to provide the Court with periodic updates as to the status of the investigation until it has been concluded. Alternatively, defendant asks that the Court grant a 30-day enlargement of time to answer or otherwise respond to the Complaint, to April 22, 2024, and that the Court *sua sponte* grant the same extension for the individual defendant to respond so as to afford time in which to address representational issues and so that he may, if necessary, arrange for private counsel who may respond on his behalf.

Thank you for your consideration of the above.

Respectfully submitted,

*/s/ Susan P. Scharfstein*

Susan P. Scharfstein

cc:   Welton K. Wisham, Esq. *(by ECF)*

---

Application GRANTED. Based on representations made by the City and, with consent of the Plaintiff, the Court hereby STAYS this action until (30) thirty days after the resolution of the CCRB investigation, and accordingly ADJOURNS all § 1983 Plan deadlines in this case, pending the conclusion of the ongoing CCRB investigation. The City is hereby ORDERED to provide updates on the status of the investigation every (60) sixty days, until its conclusion.

The Clerk of Court is directed to terminate the pending motion at docket number 6.

Dated:   March 27, 2024           SO ORDERED.
         New York, New York

                                  *Katherine Polk Failla*

                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE